IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| YVONNE KNOX, | ) | C/A No.0:02-3468-10BD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| KERSHAW CORRECTIONAL INSTITUTION, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., and 42 U.S.C. § 1983. Plaintiff is a former employee of the Defendant Kershaw Correctional Institution.[1]

The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 3, 2004. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 14, 2004, advising Plaintiff of the importance of a motion for summary judgment and of the necessity for her to file an adequate response. Plaintiff was specifically

---

[1] A review of the file reveals that, several weeks after an IFP serve order in this case was entered by the Court, Plaintiff filed a document styled "amended Complaint" on December 5, 2002. This document contains the same allegations as Plaintiff's original Complaint, except that it adds as party Defendants in the caption of the Complaint the "State of South Carolina Human Affairs", the "U.S. Equal Employment Opportunity Commission", "Reuben Daniels, Jr.", and "Mandy E. Weinstein". However, there is no indication that any summons were ever issued with respect to these four purported new Defendants, and Plaintiff's filings with the Court after December 5, 2002 continue to reflect the "Kershaw Correctional Institution" as the only party Defendant in the case. There is also no indication in the file that any of these four individuals/entities has ever been served with process in this case, nor have they filed responsive pleadings.

1

advised that if she failed to respond adequately, the Defendant's motion may be granted, thereby ending her case. Plaintiff thereafter filed a response styled "motion for summary judgment", together with a "memorandum of points and authorities in support of Plaintiff motion for summary judgment". These motions are now before the Court for disposition.[2]

## Background and Evidence

Plaintiff alleges in her unverified Complaint[3] that, while she was employed as a correctional officer at the Kershaw Correctional Institution, she was sexually assaulted by inmate Arnold Culbreath on or about September 14, 2000, and was then assaulted by inmate Joseph Hopkins on or about October 11, 2000. Plaintiff alleges that she filed an incident report with respect to each of these incidents in compliance with state policies and regulations, but that the Defendant took no action with regard to either of these assaults because of her race (African-American) and sex (female). Plaintiff seeks monetary damages in this lawsuit.

In support of summary judgment in the case the Defendant has submitted several exhibits, including copies of the relevant incident reports, a copy of Plaintiff's administrative charge of discrimination filed with the South Carolina Human Affairs Commission (SCHAC), as well as records of a proceeding before the South Carolina Workers Compensation Commission. As

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The parties have filed motions for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). However, Plaintiff has filed an *unverified* Complaint. Therefore, the undersigned has not considered the factual allegations set forth in the unverified Complaint as evidence in issuing a recommendation in this case.

2

attachments to her memorandum opposing summary judgment (and in support of her own motion for summary judgment), Plaintiff has attached many of these same documents, as well as medical records and a copy of the Defendant's policy statement on sexual harassment. Plaintiff's deposition, taken January 16, 2004, has also been provided to the Court, together with the exhibits from the deposition.

## **Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

## **I.**

## **(Title VII Claim)**

Defendant first contends that Plaintiff's Title VII claim is time barred because Plaintiff failed to file her administrative charge relating to this claim within three hundred (300) days of the alleged unlawful employment practice, as required by statute. See 42 U.S.C. § 2000e-5(e)(1). After

3

careful review of the arguments, evidence, and legal precedents submitted to this Court, the undersigned is constrained to agree.

In order to bring a lawsuit in United States District Court under Title VII, a Plaintiff is first required to properly exhaust his or her administrative remedies. Specifically, Title VII requires that a claimant file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within one hundred and eighty (180) days of the alleged discriminatory act or acts. However, if the alleged discrimination occurred in a "deferral state", the claimant's filing deadline is extended to three hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state agency's termination of its proceedings, whichever is earlier. See 42 U.S.C. § 2000e-5(e). It is undisputed that South Carolina is a deferral state, and that SCHAC is the appropriate state agency for purposes of initiating state proceedings. E.E.O.C. v. Hansa Products, Inc., 844 F.2d 191, 192 n. 1 (4th Cir. 1988) (quoting 42 U.S.C. § 2000e-5(e)) ["A deferral state is one 'which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice.'"]; see S.C.Code Ann. § 1-13-90, et. seq., as amended.     Therefore, Plaintiff had three hundred (300) days from the alleged discriminatory act or acts to file her administrative charge.

Plaintiff alleges in her Complaint that she was assaulted by inmate Culbreath on September 14, 2000, and by inmate Hopkins on October 11, 2000. Culbreath was cited, and a disciplinary hearing was scheduled for October 3, 2000. See Defendant's Exhibit 3. Culbreath admitted his conduct, and his canteen privileges were suspended for a period of forty-five (45) days and he was placed in Category 2 cell restriction for forty-five (45) days. See Plaintiff's Deposition,

4

pp. 88-89; see also Defendant's Exhibit 3  With respect to the incident of October 11, 2000, Plaintiff testified that she was aware that Hopkins was placed on "lock-down".  However, after not having been contacted by anyone regarding this incident by October 25, 2000, Plaintiff contacted prison officials and was subsequently informed that the prison did not have a record of her October 11, 2000 complaint. Plaintiff then prepared a subsequent report on October 27, 2000. See Defendant's Exhibit 6.[4]

October 27, 2000 was also Plaintiff's last day of active duty.  Plaintiff went on paid leave at that time, and after exhausting all of her paid leave and spending an additional period of time on leave without pay, Plaintiff resigned from the Department of Corrections on March 19, 2001. See Defendant's Exhibit 7.  Plaintiff thereafter filed her administrative charge of discrimination with SCHAC on September 14, 2001, alleging that she had been subjected to a sexually hostile work environment "through March 19, 2001."  Plaintiff also asserted in her SCHAC filing that she had been denied reassignment to the mailroom as a reasonable accommodation for a disability, apparently stress, and that she was ultimately forced to quit so that she could receive unemployment compensation. See Defendant's Exhibit 8.

In considering the Title VII claims presented by the Plaintiff in this lawsuit, which are based on race and sex,  it is readily apparent from a review of Plaintiff's administrative charge that she never made any race claim in her SCHAC filing. Therefore, she may not now assert a race claim in this lawsuit under Title VII. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247-248 (4th Cir. 2000) [A plaintiff's EEOC charge defines the scope of his subsequent right to institute a civil suit];

---

[4] Hopkins was eventually placed in lock-up and transferred to a different institution. Plaintiff's Deposition, pp. 108-109.

*cf.* Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) [ "permitting a late amendment to an original discrimination charge adding an entirely new theory of recovery 'would eviscerate the administrative charge filing requirement altogether' by depriving the employer of adequate notice and resulting in a failure to investigate by the responsible agency."] (quoting Conroy v. Boston Edison Co., 758 F.Supp. 54, 59-60 (D.Mass. 1991); Lattimore v. Polaroid Corp., 99 F.3d 456, 464-465 (1st Cir. 1996).

It is also readily apparent that Plaintiff has failed to assert any disability claim under the Americans with Disabilities Act (ADA) in this lawsuit, even though she cited disability discrimination as a claim in her administrative charge. Rather, Plaintiff only mentions race and sex as being the basis for her claims in her Complaint. Interestingly, Plaintiff also does not appear to assert a hostile work environment claim in her lawsuit. Rather, Plaintiff claims that she was discriminated against on the basis of her race and sex when the Defendant failed to take any action following Plaintiff having been assaulted by inmates on September 14, and October 11, 2000.

In any event, even with respect to the Plaintiff's claim of sex discrimination under Title VII (the only Title VII claim raised in this lawsuit for which Plaintiff exhausted her administrative remedies), Defendant correctly notes that this claim is barred because Plaintiff failed to file her administrative charge with SCHAC within three hundred (300) days of the alleged discriminatory act or acts. Under the facts presented, the last possible date on which Plaintiff would have been on notice of the alleged discriminatory conduct was October 26, 2000, when, according to Plaintiff's own testimony, she learned that the Defendant had taken no action with respect to her October 11, 2000 complaint. Plaintiff went on leave the very next day, October 27, 2000, and never returned to work thereafter. See Defendant's Exhibits 6-8. Therefore, giving Plaintiff every benefit

6

of the doubt, she had three hundred (300) days from October 26, 2000 to file her administrative charge with SCHAC, and she failed to do so. See Amtrak v. Abner Morgan, Jr., 536 U.S. 101, 114 (2002) ["Each incident of discrimination...constitutes a separate actionable 'unlawful employment practice'," and prior discrete discriminatory acts which are not filed within the 300 day time limit "are untimely filed and no longer actionable."]. [5]

In reaching the conclusion set forth hereinabove, the undersigned is not signaling a lack of concern over Plaintiff's claims. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements...for gaining access to the...courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby v. Chase, 970 F.2d 1360, 1364 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993), citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984); see Poteat v. Mack Trucks Inc., No. 96-1437 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). As shown by Plaintiff's own testimony and from the exhibits in the file, Plaintiff believed she was being discriminated against in September and October of 2000, but failed to file any administrative charge with SCHAC until well over three hundred (300) days past the time of these alleged discriminatory acts. Based on this evidence, and in light of the applicable caselaw and statutory requirements, the undersigned has no choice but to recommend that the Defendant's motion with respect to Plaintiff's

---

[5]While Plaintiff may have otherwise possibly been able to extend the time of the discriminatory act past October 26, 2000 under some type of continuing violation theory based on her claim (in her administrative filing, but not in her Complaint) of a "hostile work environment", the facts before this Court clearly show that Plaintiff never returned to work after October 27, 2000, and would therefore not have faced any hostile work environment after that date. Cf. Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims from other types of claims].

Title VII claim be granted, and that this claim be dismissed.

## II.

## (Claim under 42 U.S.C. § 1983)

Plaintiff also cites 42 U.S.C. § 1983 as a basis for her claims in this lawsuit. Title VII does not provide the exclusive remedy for employment discrimination claims based on sex or race against state employers and, therefore, an employee's § 1983 action for a violation of the Fourteenth Amendment is not preempted by Title VII. Keller v. Prince George's County, 827 F.2d 952 (4th Cir. 1987); Johnson v. City of Fort Lauderdale, 148 F.3d 1228, 1230-1231 (11th Cir. 1998); Espada v. Woodroffe, 896 F.Supp. 69 (D.Puerto Rico 1995); *cf.* Allen v. The College of William and Mary, No. 02-31, 2003 WL 231115, at *11 (E.D.Va. Jan. 27, 2003) [Plaintiff is not foreclosed from simultaneously pursuing claims under § 1983 under and Title VII.]. Plaintiff also had three (3) years from the date of the alleged discriminatory act or acts to file a lawsuit asserting claims under § 1983. Heyward v. Monroe, No. 97-2430, 1998 WL 841494 at **3 (4th Cir. Dec. 7, 1998), cert. denied, 527 U.S. 1036 (1999); Bradley v. Cantley, No. 94-7064, 1995 WL 420976 (4th Cir. July 18, 1995). Plaintiff filed this lawsuit within this three year period; therefore, Plaintiff's § 1983 claim is also not time barred.

However, Defendant correctly argues that Plaintiff's § 1983 claim is nevertheless still subject to dismissal because the Defendant cannot be sued in this Court under § 1983. First, the Kershaw Correctional Institution is a prison facility, and inanimate objects such as buildings, facilities, and grounds are not "persons" subject to suit under § 1983, and do not act under color of law. *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) [California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Preval v.

Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."]; Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."].   Hence, since the Kershaw Correctional Institution is not a "person" subject to suit under 42 U.S.C. § 1983, it is entitled to dismissal as a party Defendant.

Further, even if Plaintiff's Complaint could be liberally construed as having actually asserted ( or intended to assert) a claim against the South Carolina Department of Corrections, which administers the state prison system (including the Kershaw Correctional Institution), Plaintiff's § 1983 claim would still be subject to dismissal because, as a state agency, the South Carolina Department of Corrections has absolute immunity from suit in federal court under the Eleventh Amendment to the United States Constitution.  See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 99 (1984); Will v. Michigan Dep't of State of Police, 491 U.S. 58, 66, 71 (1989); Bellamy v. Borders, 727 F.Supp. 247, 248-250 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Services, 562 F.Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808-809 (D.S.C. 1978).

Finally, even though Plaintiff's purported amended Complaint has never been served on any of the four (4) individuals/entities which were added to the caption of the Complaint as Defendants, even if these parties had been served and were otherwise properly before this Court, Plaintiff's § 1983 claims would still be subject to dismissal because Plaintiff makes no claims against any of these four (4) additional parties in her Complaint. Specifically, Plaintiff makes no allegations against these parties, nor does she provide any other information to connect any of these parties to the claims in her Complaint.   Plaintiff fails to even set forth who the natural Defendants "Daniels"

9

and "Weinstein" are, although they are apparently officials with the other two new Defendants, the South Carolina Human Affairs Commission and the U.S. Equal Employment Opportunity Commission. See Amended Complaint, § II, ¶¶ 4-7. A Plaintiff cannot include someone as a Defendant in an action unless the Plaintiff can show a connection between the Defendant and the act or acts committed which allegedly violated the Plaintiff's constitutional rights. Gomez v. Toledo, 446 U.S. 635, 640 (1980) [In order to state a cause of action against a Defendant under § 1983, a Plaintiff must allege that 1) the Defendant deprived him or her of a federal right, and 2) did so under color of state law]. Hence, as Plaintiff failed to make any claims against these parties or to tie them to the allegedly unlawful or unconstitutional conduct set out in the Complaint, each of these four (4) Defendants would be entitled to dismissal even if they had been served with process.[6] See Wetherington v. Phillips, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), aff'd, 526 F.2d 591 (4th Cir. 1975); Joyner v. Abbott Laboratories, 674 F.Supp. 185, 191 (E.D.N.C. 1987); Stubbs v. Hunter, 806 F.Supp. 81, 82-83 (D.S.C. 1992); see also Barren v. Harrington, 152 F.3d

---

[6] While Plaintiff makes no allegations against these new Defendants in her Complaint, the undersigned assumes that she disagreed with these administrative agencies having rejected her claims prior to issuing her a right to sue letter. However, Plaintiff cannot sue these administrative agencies, or officers of these administrative agencies, just because they determined that her claims of discrimination were without merit. See Gorczakoski v. EEOC, Nos. 93-1101, 93-1108, 1993 WL 302386 (1st Cir. Aug. 9, 1983) ["mishandling by the EEOC of a Title VII claim does not give rise to a Bivens implied right of action under the Fifth Amendment."]; Francis-Sobel v. University of Maine, 597 F.2d 15, 17-18 (1st Cir. ), cert. denied, 444 U.S. 949 (1979); cf. Johnson v. Rodriquez, 943 F.2d 104, 108-109 (1st Cir. ) [alleged irregularities in handling of complaint by state anti-discrimination commission did not implicate due process interest], cert. denied, 112 S.Ct. 948 (1992). Jaffer v. Nat'l Caucus and Center on Black Aged, Inc., No. 03-00096, 2003 WL 23014390, at *2 (M.D.N.C. Dec. 23, 2003) [claims against EEOC under § 1981 or § 1983 barred by sovereign immunity]; Collier v. Bankers Life & Casualty, Co., et al., NO. 03-1181, 2003 WL 22435701, at **1 (7th Cir. Oct. 20, 2003) [EEOC not subject to suit under Title VII or § 1985]; Wrenn v. Kemp, No. 92-122,1992 WL 402898, at 1 (N.D. Ohio May 6, 1992) [no cause of action against EEOC under § 1985].

1193, 1194 (9th Cir. 1999) ["Liability…must be based on the personal involvement of the Defendant"], cert. denied, 522 U.S. 1154 (1999); Wilson v. Cooper, 922 F.Supp. 1286, 1293 (N.D. Ill. 1996) Horton v. Marovich, 925 F. Supp. 540 (N.D.Ill. 1996) ["Thus, a Plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right"].

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

s/ BRISTOW MARCHANT
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 2, 2005

### Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
